# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MPC CONTAINMENT SYSTEMS, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 05 C 6973 |
| JOHN E. MORELAND, LAWRENCE | ) |
| MORELAND and MORELAND | ) |
| INTERNATIONAL LTD., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff MPC Containment Systems, Ltd.'s amended complaint against defendants John E. Moreland, Lawrence Moreland, and Moreland International, Ltd. alleges claims of federal copyright infringement, misrepresentation, false designation of origin, unfair competition and computer fraud, as well as state claims of deceptive trade practice and misappropriation, and common law breach of fiduciary duty and tortuous interference with prospective economic advantage. Presently before us is defendants' motion to dismiss Count III (unfair competition under the Lanham Act) for failure to state a claim upon which relief can be granted. For the following reasons, we grant the motion.

## BACKGROUND

Plaintiff MPC Containment Systems, Ltd. ("MPC") is a Delaware corporation, with its principal place of business in Chicago, Illinois. (Am. Compl. ¶ 2.) MPC designs, manufactures and installs primary and secondary containment systems, among them, flexible storage tanks used to store water and fuel. (*Id.* ¶ 9.) Defendant John Moreland, an Illinois resident, was employed by MPC for approximately twenty-five

years and retired on or around October 1, 2005. (*Id.* ¶¶ 3, 9.) John's son, defendant Lawrence Moreland, was also employed by MPC on and off for about twenty years as both a full-time employee and as an independent contractor. (*Id.* ¶ 18.) Lawrence's relationship with MPC ended on or about October 1, 2005. (*Id.* ¶ 19.) For most of his time at MPC, John served as Executive Vice President, and his duties included invention and design of flexible storage tanks and related parts as well as sales and bid preparation. (*Id.* ¶¶ 11-12.) During his time at MPC, John worked on the designs and bid preparation for MPC's Soft Shell Tanks, made specifically for the U.S. Air Force, MPC's largest customer during the last five years. (*Id.* ¶¶ 14-15.) Beginning on or about August 1, 2004, Lawrence was contracted by MPC to, inter alia, supervise the manufacture of MPC's Soft Shell Tanks. (*Id.* ¶ 19.)

While working for MPC – and without MPC's knowledge or authorization – John and Lawrence established a competing business, defendant Moreland International, Ltd. (*Id.* ¶ 20.) MPC filed an eight-count amended complaint in the Northern District of Illinois alleging, among other things, that while still employed with MPC, John and Lawrence (together referred to as "the Moreland Defendants") made false representations during or in connection with commercial promotion of their product, which disparaged MPC's tanks, caused a likelihood of confusion between the Moreland and MPC tanks, and misrepresented that defendants could sell Soft Shell tanks to the Air Force. (*Id.* ¶¶ 27, 41.) MPC also alleges that defendants created, through misrepresentation, a likelihood of confusion as to MPC's association with defendants and/or endorsement of defendants' product. (*Id.* ¶ 42.) As a result, MPC lost an order for 100 tanks from the U.S. Air Force, a contract worth $7 million. (*Id.* ¶ 27.) Defendants filed a motion to

dismiss Count III for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that since MPC alleges that the Moreland Defendants' made misrepresentations to a single customer, these alleged misrepresentations cannot be considered "commercial advertising or promotion" under § 1125(a)(1)(B) of the Lanham Act. Defendants also contend that MPC's claims under § 1125(a)(1)(A) include no factual basis.

## STANDARD OF REVIEW

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989)). A complaint is not required to allege all, or any, of the facts entailed by the claim. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005); *see also McCormick v. City of Chicago,* 230 F. 3d 319, 324-25 (7th Cir. 2000) (holding that plaintiff can plead conclusions if they put defendant on notice of claims). A plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *Lekas,* 405 F.3d at 613-614. In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Gibson,* 910 F.2d at 1520-21. Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). However, we need not "strain to find inferences favorable to the plaintiff [ ] which are not apparent on the face of the complaint." *Coates v. Illinois State Bd. of Ed.,* 559 F.2d 445, 447 (7th Cir. 1977).

**ANALYSIS**

Although defendants contend that MPC's amended complaint is insufficient to state a claim, we cannot assess the sufficiency of MPC's unfair competition allegations, since the amended complaint fails to meet the heightened pleading requirements of the Federal Rule of Civil Procedure 9(b).[1] Claims alleging false representation under the Lanham Act are subject to Rule 9(b). *Fisher & Paykel v. LG Elecs., Inc., et al.,* No. 03 C 50146, 2003 WL 21910622, at *1 (N.D. Ill. Aug. 7, 2003); *Hot Wax, Inc. v. Grace-Lee Prods.,* No. 97 C 6882, 1998 WL 664946, at *3-4 (N.D. Ill. Apr. 15, 1998); *see also B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.,* 857 F.Supp. 1241, 1243-1244 (N.D. Ill. 1994). In order to satisfy the heightened pleading requirement, the complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated," *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992) (quoting *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990)), or, more simply, "the plaintiff must plead the 'who, what, when, and where' of the alleged fraud," *Uni*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir. 1992). The absence of any necessary detail renders the pleading deficient. For example, in *Sequel Capital Corporation v. Airship International Limited*, the court found the complaint failed to comply with Rule 9(b) because it did not allege the location where the purported fraudulent statements were made and how they were communicated. 148 F.R.D. 217, 219 (N.D. Ill. 1993). While the plaintiff need not plead evidence, the pleading must satisfy the purposes of Rule 9(b),

---

[1] Although not raised by the parties, we raised the issue of heightened pleading *sua sponte* because specificity is required not only for adequate notice, but also in order for the court to address the sufficiency of the claims that fall within the context of misrepresentations made "in commercial advertising or promotion." 15 U.S.C. § 1125(a). Because we grant the motion on these alternate grounds, we deny MPC's Motion to Reconsider Amended Order of July 18, 2006.

"which are: (1) to inform defendants of the alleged wrongs and enable them to form an adequate defense and response; (2) to eliminate the filing of conclusory complaints as a pretext for detecting additional wrongs; and (3) to shield defendants from unfounded fraud charges that might injure their reputations." *Hot Wax, Inc.,* 1998 WL 664946, at *3 (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.,* No. 94 C 6178, 1996 WL 568794, at *3 (N.D. Ill. Sept. 30, 1996)).

Based on these considerations, we find that MPC has not met the heightened pleading requirements of Rule 9(b) for its false advertising and misrepresentation claims under the Lanham Act.[2] Although MPC alleges the "who," "what," and "where," it fails to adequately provide the "when" and "how." MPC alleges that misrepresentations occurred "before John and Lawrence Moreland stopped working for MPC." (Am. Compl. ¶ 27.) Considering that John was employed with MPC for 25 years, and Lawrence on and off for 20 years, MPC has not provided the defendants adequate notice of when the alleged misrepresentations took place. (*Id.* ¶¶ 11, 18.)

In addition, MPC omits the method by which the Moreland Defendants made any of the alleged misrepresentations. Although MPC claims that certain misrepresentations

---

[2] Section 43(a) of the Lanham Act provides in relevant part that
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

occurred "in connection with the advertising, promotion and/or sale of Soft Shell Tanks," (*Id.* ¶ 41), it fails to specify the method used to communicate the alleged statements. This information is necessary not only to provide defendants with adequate notice, but also to determine whether the alleged communications fall within the scope of § 1125(a)(1)(B), as determined by the multi-factor test established in *Gordon & Breach Science Publishers S.A. v. American Institute of Physics,* 859 F.Supp. 1521, 1535-36 (S.D.N.Y. 1994).

> In order for representations to constitute 'commercial advertising or promotion' under Section 43(a)(1)(B), they must be (1) commercial speech; (2) by a defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy the defendant's goods or services. While the representations need not be made in a 'classic advertising campaign,' but may consist instead of more informal types of 'promotion,' the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry.

*Id; see First Health Group Corp. v. BCE Emergis Corp.,* 269 F.3d 899, 804 (7th Cir. 2001) (citing this four-factor test and defining "commercial advertising or promotion" in accordance with its plain meaning). Specificity regarding the method of communication is also necessary to provide defendants with adequate notice for any claims of false representation made under § 1125(a)(1)(A). MPC's lack of specificity regarding when and how the alleged false advertising and misrepresentations took place does not provide defendants with notice of the alleged wrongs, nor does it enable them to formulate an adequate response.

## CONCLUSION

The allegations of unfair competition brought under the Lanham Act fail to rise to the level of specificity required by Rule 9(b) and, thus we dismiss, without prejudice, Count III of the amended complaint.[3]  It is so ordered.

                                              MARVIN E. ASPEN
                                              United States District Judge

Dated: August 10, 2006

---

[3] The complaint includes various allegations based "on information and belief" without reference to the factual underpinnings of those beliefs.  (*See, e.g.*, Am. Compl. ¶¶ 41-43.)  If MPC chooses to re-file this claim, it is reminded that allegations based "on information and belief" generally do not satisfy the particularity requirements of Rule 9(b).  *Bankers Trust*, 959 F.2d at 684.  Allegations of matters particularly within the knowledge of an adverse party must "be accompanied by a statement of facts upon which the belief is founded."  2A Moore's Federal Practice ¶ 9.03 (3d ed.1982); *Duane v. Altenburg*, 297 F.2d 515, 518 (7th Cir. 1962).