**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MPC Containment Systems, Ltd. and
MPC Containment Systems LLC,

        Plaintiffs,

        v.

John E. Moreland,
Lawrence Moreland, and
Moreland International, Ltd.,

        Defendants.

No. 05 C 6973

Judge Marvin E. Aspen
Magistrate Judge Susan Cox

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**TO STRIKE AFFIRMATIVE DEFENSES NOS. 5 AND 6**

This court uses a three-part test to determine the sufficiency of an affirmative defense:
"(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be
adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3)
the matter must withstand a Rule 12(b)(6) challenge—in other words, if it is impossible for
defendants to prove a set of facts in support of the affirmative defense that would defeat the
complaint, the matter must be stricken as legally insufficient." *Renalds v. S.R.G. Restaurant
Group*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000). *See also Surface Shields, Inc. v. Poly-Tak
Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003); *Rao v. Convansys Corp.*,
2007 WL 141892 (N.D. Ill. 2007). The fifth and sixth affirmative defenses fail to meet all three
requirements because: (1) the pleaded matter is not "an affirmative defense" to the claims at
issue; (2) the pleaded matter does not constitute "an avoidance or affirmative defense" to the
claims, as required by Fed. R. Civ. P. 8(c); and (3) even if Defendants proved the facts alleged
in support of the pleaded defenses, those facts "would not defeat the complaint." In this case, the

three requirements are not met for essentially the same reason: the affirmative defenses are not

defenses to the claims at issue. The appropriate remedy is to strike them. "A motion to strike

made pursuant to Rule 12(f) is the appropriate means of removing 'impertinent or redundant

matter in any pleading and is the primary procedure for objecting to an insufficient defense.'"

*De Lage Landen Fin. Services, Inc. v. M.D.M. Leasing Corp.*, 2007 WL 4355037, *1 (N.D. Ill.

2007) (quoting *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991).

"[S]triking affirmative defenses may also increase efficiency if those pleadings provide only

'unnecessary clutter.'" *Bartashnik v. Bridgeview Bancorp, Inc.*, 2005 WL 3470315 (N.D. Ill.

2005) (quoting *Heller Fin., Inc. v. Midwehy Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

The Second Amended Complaint alleges eight counts against Defendants. Count I and

Count II allege copyright infringement against all Defendants. Count III alleged unfair

competition under the Lanham Act, but was previously dismissed by the court. Count IV alleges

a violation of the Computer Fraud and Abuse Act against all Defendants. Count V alleges

deceptive trade practices under Illinois law against all Defendants. Count VI alleges the

misappropriation of trade secrets against all Defendants. Count VII alleges the breach of

fiduciary duty against John Moreland. Count VIII alleges the tortious interference with

prospective economic advantage against all Defendants. As described hereafter, the fifth and

sixth affirmative defenses are not defenses to any of these claims and should be stricken.

**A.      Defendants Did Not Adequately Plead a Waiver in Affirmative Defense No. 5**

Defendants' fifth affirmative defense is directed at "Plaintiff's claims based on an alleged

breach of fiduciary duty" and further states that such claims "are barred due to waiver and …

estopp[el] …." This defense should be stricken because Defendants failed to plead the material

elements of the waiver defense, *i.e.*, that MPC knew of and consented to John Moreland

competing with MPC for the same order of flexible fuel tanks from the Air Force, while he was still an employee of MPC.

For waiver, Defendants were required to plead that MPC voluntarily and intentionally relinquished "a known right by conduct inconsistent with an intent to enforce that right." *Jenkins v. Nat'l R.R. Passenger Corp.*, 2008 WL 68685, *7 (N.D. Ill. 2008); *see also In re County Treasurer and ex Officio County Collector*, 869 N.E.2d 1065, 1083 (Ill. App. Ct. 2007). Defendants must allege facts demonstrating the waiver was clear, unequivocal, and decisive. *R and B Kapital Development, LLC v. North Shore Community Bank and Trust Co.*, 832 N.E.2d 246, 255 (Ill. App. Ct. 2005) ("The party claiming the implied waiver has the burden of proving a clear, unequivocal, and decisive act of its opponent manifesting an intention to waive its rights."). No such facts have been, or can be, alleged.

All that Defendants allege is that MPC knew about the existence of Moreland International, that John Moreland operated it while he was employed by MPC, and that MPC knew Moreland International sold products in competition with MPC. But Defendants fail to allege that MPC knew that John Moreland, while still an employee of MPC, submitted competing bids to the U.S. Air Force through its purchasing agent for the flexible fuel tanks. Also, Defendants fail to allege that MPC consented to John Moreland's competition for flexible fuel tank work. That is the crucial deficiency in Defendants' allegation: they do not allege that MPC knew or consented to the conduct that formed the basis for the breach of fiduciary duty claim.

Defendants argue that MPC's knowledge of and acquiescence to John Moreland's operation of Moreland International, while simultaneously employed by MPC, is inconsistent with "an intent to enforce its right to have John Moreland work solely on behalf of MPC" and

therefore constitutes "an implied waiver." Defendants Response at 4–5. Count VII, however, entitled "Breach of Fiduciary Duty John E. Moreland," does not claim "an intent to enforce [MPC's] right to have John Moreland work solely on behalf of MPC." Count VII does not seek, for example, to enforce a restrictive covenant. Rather, Count VII, and in particular paragraphs 68 and 69, allege that while an employee of MPC, Moreland "used and misappropriated MPC's confidential information … and intentionally engaged in a scheme … to wrongfully divert business from MPC to Moreland International ….", and that such conduct "constituted a breach of fiduciary duty." Thus, Affirmative Defense 5 is deficient because that Defense, as pleaded, does not avoid a breach of fiduciary duty claim. Regardless of whether MPC knew that Moreland was competing, Affirmative Defense 5 does not assert that MPC knew of the misappropriation and wrongful diversion of business as alleged in Count VII and relinquished that claim, either expressly or implicitly.

Defendants' authorities fail to support their position. In *Ryder v. Bank of Hickory Hills*, 585 N.E.2d 46 (Ill. 1991), the court found there was *no waiver* of a bank's acceleration rights on several outstanding loans unless the Bank knew of its acceleration rights and the facts evidenced an intention by the Bank to waive such rights. *Ryder*, 585 N.E.2d at 49. The court held that extraneous conduct by the bank had no bearing on whether the bank knew of its acceleration rights and whether the bank waived the exercise of those rights by conduct inconsistent with an intention to enforce those rights.

In *Salsitz v. Kreiss*, 724 N.E.2d 1019 (Ill. App. Ct. 1999), the plaintiff sought to overturn an arbitration award by arguing the arbitrator was biased. The court held that the plaintiff waived this argument because it did not raise it in a timely manner. This has nothing to do with a waiver of a right, much less the right to bring a breach of fiduciary duty claim. Moreover,

Defendants do not allege that MPC's claim for breach of Moreland's fiduciary duty is untimely.

In *Heller Intern. Corp. v. Sharp*, 974 F.2d 850 (7th Cir. 1992), the Seventh Circuit Court of Appeals merely upheld the district court's jury instruction on waiver and a jury finding that the defendant had waived the two-year limitations period imposed on it by contract. The case had nothing to do with pleading a waiver of a breach of fiduciary duty claim.

Defendants also cite three cases for the proposition that a plaintiff may be barred from claiming that an employee breached his fiduciary duty by competing with the employer, where the employer previously had allowed competition. In *Scott & Fetzer v. Kahn*, 393 N.E.2d 102 (Ill. App. Ct. 1979), the plaintiff employer sought a preliminary injunction in its suit against a former employee for the misappropriation of trade secrets. The Court determined that the employer was not likely to succeed on the merits because there were no trade secrets. In *dictum*, the court also stated that the employer had expressly consented to the employee's resignation that resulted in the competition. The doctrine of "waiver" was not discussed. In *Dolezal v. Plastic and Reconstructive Surgery, S.C.*, 640 N.E.2d 1359 (Ill. App. Ct. 1994), the court affirmed the trial court's decision that the cross-plaintiff employer had waived its right to bring a breach of a non-compete contract claim against the former employee—but the court upheld the breach of fiduciary duty claim. Thus, there was no finding of a waiver of the right to bring its breach of a fiduciary duty claim. *Rybak v. Provenzale*, 537 N.E.2d 1321 (Ill. App. Ct. 1989), like *Scott & Fetzer*, did not discuss the doctrine of "waiver." Rather it was a dispute between two dentists, where the defendant claimed that there was an oral partnership agreement under which the plaintiff owed the defendant 50% of the plaintiff's earnings. The court found that, based on the parties' conduct, this was not in fact the agreement. "Waiver" was never discussed.

Because Defendants do not allege that MPC knew and consented to Moreland, while still

an MPC employee, competing with MPC for the very same flexible fuel tank orders that MPC was seeking, they did not sufficiently plead a "waiver" under Illinois law of the breach of fiduciary duty claim. As this Court has stated, "a defense must include some direct or inferential allegations as to each element of the defense asserted," and "courts have set forth very specific pleading standards for the defenses of waiver, … and have consistently struck those defenses where they are insufficiently pled." *Builders Bank v. First Bank & Trust Company of Illinois*, 2004 WL 626827, *5–6 (N.D. Ill. 2004). Accordingly, Defendants' fifth affirmative defense should be stricken.

**B.      Defendants Did Not Adequately Plead Unclean Hands in Affirmative Defense No. 6**

Defendants' sixth affirmative defense is directed generally to "Plaintiff's claims." This defense alleges "unclean hands" because MPC allegedly committed fraud on the patent office.[1] Defense No. 6 should be stricken because it is based on conduct that neither was directed toward Defendants nor is connected to the subject matter of this litigation.

The doctrine of unclean hands is a doctrine that prevents a party seeking equitable relief from obtaining that relief when it likewise has engaged in inequitable conduct. *See, e.g., Zahl v. Krupa*, 850 N.E.2d 304, 309–10 (Ill. App. Ct. 2006); *Thomson Learning, Inc. v. Olympia Properties LLC*, 850 N.E.2d 314, 325 (Ill. App. Ct. 2006) ("The doctrine is intended to prevent a party from taking advantage of its own wrong."). Even if true, the allegations in the sixth affirmative defense would not warrant the application of the unclean hands doctrine here because the defense pleaded by Defendants does not avoid any of the claims of the Complaint.

---

[1] The affirmative defense also alleges that MPC engaged in misconduct by interfering with Defendants' relationships with customers and suppliers. As addressed in the initial memorandum in support of this motion, the nature of the "interference," the identity of the "customers" and "suppliers," and any resulting damage from the conduct are not pleaded. Defendants do not contest these deficiencies in their Response. Particularly at this late stage of the case, the absence of such allegations is fatal to the defense.

Injecting MPC's patent into this case at this late stage has only one purpose—to try to cast an unfavorable light on MPC and its trial counsel and distract the fact finder from the real issues in the case. Allegations of fraud and inequitable conduct never should be made lightly. *See Burlington Indus. Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("the habit of charging inequitable conduct [also sometimes labelled "fraud on the patent office"] in almost every major patent case has become an absolute plague"). Yet here they are recklessly made. The allegedly fraudulently obtained patent has not been asserted in this case or at any time against Defendants, and any disclosure in the patent of MPC's trade secrets has nothing to do with how the patent was acquired or the inventorship argument that forms the basis of this defense.

The vacancy of Defendants' position is underscored by their failure to cite any apt authority. Indeed, Defendants rely on a single case, a 36-year-old state court decision from New York, *American Cyanamid Co. v. Power Conservation, Inc.*, 336 N.Y.S. 2d 6 (N.Y. Sup. Ct. 1972).[2] The case is inapposite. In *American Cyanamid*, responding to the charge of plaintiff's claims of misappropriation of trade secrets, defendants asserted an unclean hands affirmative defense alleging that plaintiff fraudulently obtained certain patents on the subject matter of the trade secrets by failing to disclose the best mode of practicing the inventions of the patents. Defendants also alleged that plaintiff had asserted to defendant's customers that defendant's products infringed the patents. In denying a motion to strike the affirmative defenses, the court nonetheless stated, "It is well established that the doctrine of unclean hands is only available when the conduct relied on is directly related to the subject matter in jurisdiction and the party

---

[2] It is noteworthy that the plaintiff failed to uncover a single authority—federal or state—that followed the court's reasoning in *American Cyanamid*. Instead, the great weight of authority rejects the *American Cyanamid* approach.

seeking to invoke the doctrine was injured by the conduct." *Id.* at 9. The court reasoned that the plaintiff's alleged failure to provide "a full disclosure of the best mode" applied to the misappropriation claims at issue there because "there would be no trade secrets to misappropriate and thus no cause of action for misappropriation" if the plaintiff had disclosed the information supposedly withheld from the Patent Office. *Id.* at 10.

Unlike *American Cyanamid*, Defendants' sixth affirmative defense alleges that the actions of MPC and its counsel "resulted in a material misrepresentation and omission about *the correct inventorship of the '970 patent*" (emphasis added). Defendants' affirmative defense does not assert that MPC failed to disclose to the Patent Office the best mode of practicing its invention. Nor does the defense allege that MPC withheld any trade secret information from the patent, much less the information Moreland misappropriated. Striking this affirmative defense does not hinder Defendants' ability to argue that the alleged trade secrets are in fact not secret, whether due to publication in the patent or otherwise.[3] Moreover, unlike *American Cyanamid*, there is no allegation here that MPC asserted its patent against Defendants or their customers or that Defendants were damaged by the patent.

In the other case mentioned by Defendants, *A. H. Emery Co. v. Marcan Products Corp.*, 389 F.2d 11 (2d Cir. 1968), the plaintiff claimed its patent was infringed, as well as the misappropriation of trade secrets, and the defendant responded with evidence of unclean hands

---

[3] Defendants implicitly recognize this fatal flaw in their Response, where they try to support their pleading by arguing that "MPC's decision to omit Mr. Ford from the inventorship affected what information would be disclosed in the pending patent application." Defendants' Response at 7. That assertion does not appear in the sixth affirmative defense and, in fact, the pleaded defense contradicts such an assertion. The defense asserts in sub-paragraph (h) that "the '365 application is identical to the earlier '382 application [the application that included Mr. Ford as a co-inventor] in *all ways* except one. MPC deleted Mr. Ford as an inventor on the '385[sic] application" (emphasis in original). If the applications with and without Mr. Ford were identical, then Mr. Ford's omission as an inventor did *not* affect what information would be disclosed in the pending patent application, as Defendants now assert in their Response.

by the plaintiff in the procurement of the patent. Because the validity of the patent was at issue (which is not true in the present case), the court affirmed the introduction of evidence showing the plaintiff's unclean hands. The *A.H. Emery* court added this caveat, however, regarding the misappropriation of trade secrets claim: "[The inventor's] misconduct before the Patent Office in 1957 is only remotely related, if at all, to the defendants' breach of trust in 1960 and subsequent years. Misconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands." *A.H. Emery*, 389 F.2d at 18 (quoting *Republic Molding Corp. v. B.W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963)).

The doctrine of unclean hands will not apply when the alleged misconduct is not related to the matter at issue in the litigation. *See* CALLMANN ON UNFAIR COMPETITION, TRADEMARKS AND MONOPOLIES § 23:17 (4th ed. 2004) (internal quotations omitted): "The disabling consequences of unclean hands were not intended as a punishment for extraneous transgressions. Unclean hands must relate to the very matter at issue and may not be considered independently of the merits of the plaintiff's claim." *See also Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933) (courts of equity apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has *immediate and necessary relation to the equity that he seeks in respect of the matter in litigation.*) (emphasis added).

Also apt is *Standard Terry Mills, Inc. v. Shen Manufacturing Co., Inc.*, 626 F. Supp. 1362 (E.D. Pa. 1986), where the defendant made counterclaims of common law trademark infringement and unfair competition and the plaintiff defended by asserting that the defendant acted with unclean hands in making false representations to the Copyright Office and the Patent and Trademark Office. Recognizing that this alleged misconduct was not related to the specific issues relevant to the claims, the court explained:

> Even if plaintiff's characterization of [the defendant] Shen's actions and intentions were correct, the misconduct plaintiff describes is not related to the subject matter of this suit. Shen's counterclaims were predicated upon common law trademark infringement and unfair competition, not infringement of a registered trademark or copyright. Thus, plaintiff's allegations can[not] support … a finding of unclean hands … .

*Standard Terry Mills*, 626 F. Supp. at 1364. The case at bar is like *Standard Terry Mills* in that MPC's alleged conduct before the Patent and Trademark Office is irrelevant to any of its claims against Defendants.

Likewise relevant are *Procter & Gamble Co. v. Quality King Distributors, Inc.*, 123 F. Supp. 2d 108, 115–16 (E.D.N.Y. 2000) (no unclean hands defense where the plaintiff's conduct did not relate to the creation or acquisition of the infringed trademark); *Goebel Brewing Co. v. Esslingers, Inc.*, 95 A.2d 523, 529–30 (Pa. 1953) (no unclean hands defense where alleged false description on plaintiff's product label did not relate to the trademark issue); *Computer Associates Intern., Inc. v. Bryan*, 784 F. Supp. 982, 998 (E.D.N.Y. 1992) (no unclean hands defense where alleged copying by plaintiffs was not related to the issue in that case of the creation or acquisition of the trade secrets themselves); and *Hill v. Names & Addresses, Inc.*, 571 N.E.2d 1085, 1098–99 (Ill. App. Ct. 1991) (no unclean hands defense where defendant's conduct in forcing plaintiff's employee to abide by unenforceable restrictive covenant was not related to the defendant's counterclaim for the misappropriation of trade secrets).

Defendants did not plead any connection between the alleged misconduct of the sixth affirmative defense and any of MPC's claims sufficient to warrant the application of the unclean hands doctrine. Whether or not MPC misled the Patent Office about inventorship is unrelated to the trade secret claims or any other claims in this case, particularly where MPC is not trying to enforce its patent and Defendants' defense to the misappropriation of trade secrets claim is not bolstered by rendering the patent unenforceable. Because Defendants did not allege facts that

would support the doctrine of unclean hands, Defendants' sixth affirmative defense should be stricken.

**C.     The Fifth and Sixth Affirmative Defenses Should Be Stricken As Untimely**

An additional reason for striking Defendants' two new affirmative defenses is their lack of timeliness.  These defenses were not introduced until the last day of discovery and at the same time Defendants filed their motion for summary judgment.  They were not actually included in Defendants' Answer until after the close of discovery.  It would be unfair for MPC to be required to respond to these new defenses without the benefit of discovery and other pretrial preparation. For example, to defend against the charge of inequitable conduct in regard to its patent—the predicate for the unclean hands defense—MPC most likely would need to engage expert witnesses to testify as to the scope and inventorship of the claims of the patent and the propriety of MPC's actions in the Patent and Trademark Office.  All of this emphasizes the importance of striking these inadequate and improperly pleaded defenses.

<strong>Conclusion</strong>

For the foregoing reasons, the motion to strike Defendants' fifth and sixth affirmative defenses should be granted.

Dated: February 29, 2008                        MPC Containment Systems, Ltd. and
                                              MPC Containment Systems LLC,
                                              Plaintiffs

                       s/ Charles A. Laff

                       By One of Their Attorneys

Charles A. Laff (#1558153),
       calaff@michaelbest.com
Brian P. Paul (#6286839),
       bppaul@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL  60601–6710
Telephone: 312.222.0800

12

CERTIFICATE OF SERVICE

I, Charles A. Laff, hereby certify that I caused a true and correct copy of the foregoing Plaintiffs'

Reply Memorandum In Support of Plaintiffs' Motion to Strike Affirmative Defenses Nos. 5 and

6 to be served on February 29, 2008, through CM/ECF system to:

> Jodi Rosen Wine
> Russell J. Genet
> Nixon Peabody, LLP
> 161 North Clark Street, 48th Floor
> Chicago, Illinois 60601
> Email: jwine@nixonpeabody.com
> rgenet@nixonpeabody.com

> s/ Charles A. Laff
> One of the Attorneys for Plaintiff
> MPC Containment Systems, Ltd.